UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HARVEST INVESTMENT MANAGEMENT, LLC,<br><br>　　　　　Defendant. | Case No.18-cv-01627-VKD<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED OR OTHER SANCTIONS NOT IMPOSED** |

This action has been pending for over a year with no discernible progress. The Court is concerned by plaintiff Scott Johnson's conduct in the case, which reflects a repeated disregard for court-ordered deadlines.

Mr. Johnson filed the present action on March 15, 2018. Dkt. No. 1. Pursuant to the initial case management scheduling order and General Order No. 56, his last day to complete service on defendant Harvest Investment Management, LLC ("Harvest") or file a motion for administrative relief from the service deadline was May 14, 2018. Dkt. No. 5. Mr. Johnson did not file any proof of service of the summons on Harvest or a motion for administrative relief from the May 14 service deadline. Pursuant to the initial case management scheduling order and General Order No. 56, the parties' last day to conduct a joint site inspection was June 28, 2018, and Mr. Johnson's last day to file a notice of need for mediation was August 9, 2018. *Id.* Mr. Johnson did not file a notice of need for mediation.

On August 10, 2018, the Court issued an Order to Show Cause why the action should not be dismissed for failure to serve the summons and complaint within 90 days after the filing of the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Dkt. No. 9.

On August 16, 2018, Mr. Johnson filed a response to the Court's Order to Show Cause. Dkt. No. 11. That response described Mr. Johnson's unsuccessful efforts to locate and serve Harvest from March 21, 2018 to about mid-May 2018, but it suggests that Mr. Johnson made no efforts thereafter to serve the complaint between approximately mid-May and August 16, 2018. Dkt. Nos. 11-1, 11-3. Mr. Johnson did not explain this delay or why he failed to seek relief from the Court. Instead, Mr. Johnson requested an extension of the service deadline to September 30, 2018. Dkt. No. 11 ¶ 11. On August 17, 2018, the Court granted that request and ordered Mr. Johnson to serve Harvest by September 30, 2018. Dkt. No. 12. The Court reset the June 28, 2018 deadline for the joint site inspection to November 28, 2018, with all other General Order No. 56 deadlines adjusted accordingly. *Id.*

On September 21, 2018, the parties filed a stipulated request to extend the deadline for Harvest to respond to the complaint. Dkt. No. 16. The parties also requested a new scheduling order, noting that the deadline for the joint site inspection had already passed. The Court denied the request for a new scheduling order, as that request demonstrated that the parties had not bothered to read the Court's August 17, 2018 order. Dkt. No. 17.

Pursuant to the Court's August 17, 2018 order, Mr. Johnson's last day to file a notice of need for mediation was January 9, 2019. Dkt. No. 12; *see also* Dkt. No. 5. He again failed to file a notice of need for mediation.

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). Mr. Johnson is directed to file a written response to this order by **March 22, 2019**. **Mr. Johnson and his counsel shall appear in person** before the Court on **March 26, 2019 at 10:00 a.m.** in Courtroom 2, Fifth Floor, 280 South First Street, San Jose, California 95113 and show cause why this action should not be dismissed without prejudice for failure to prosecute and why the Court should not sanction Mr. Johnson and/or his counsel for failure to comply with the Court's prior orders.

**IT IS SO ORDERED.**

///

2

Dated: March 18, 2019

       *Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge